

FILED

JUL 18 2007

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr151-MEF |
| | ) | [18 USC 922(g)(1)] |
| LORENZO RAINER | ) | |
| aka Reno Rainer | ) | INDICTMENT |

The Grand Jury charges:

### COUNT 1

On or about June 12, 2007, in Montgomery County, within the Middle District of Alabama,

**LORENZO RAINER**
aka Reno Rainer,

defendant herein, having been convicted of the following felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1) March 16, 1981, Burglary 3rd, case number CC 80-879-TH, in the Circuit Court of Montgomery County, Alabama;

2) February 19, 1982, Theft of Property 2nd, case number CC 81-995-TH, in the Circuit Court of Montgomery County, Alabama;

3) February 19, 1982, Robbery 3rd, case number CC 81-1491-TH, in the Circuit Court of Montgomery County, Alabama;

4) June 2, 1978, Buying, Receiving, Concealing Stolen Property, CC-78-395-TH, in the Circuit Court of Montgomery County, Alabama,

did knowingly possess in and affecting interstate commerce a firearm, to-wit:

a Ruger, .357 Magnum Revolver, a better description of which is unknown to the grand jury,

in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A.   Count 1 of this indictment is hereby repeated and incorporated herein by reference.

B.   Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment the defendant,

LORENZO RAINER
aka Reno Rainer,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of these offenses, including but not limited to the following:

A Ruger, .357 Magnum Revolver

C.   If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred, sold to, or deposited with a third person;

(3)   has been placed beyond the jurisdiction of the court;

(4)   has been substantially diminished in value; or,

(5)   has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described above.

All in violation of Title 18, United States Code, Section 922.

A TRUE BILL:

*Deputy ~~Marilynn Presley~~* Foreperson

_____
LEURA G. CANARY
United States Attorney

_____
John T. Harmon
Assistant United States Attorney

_____
Matthew W. Shepherd
Assistant United States Attorney