IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr151-MEF |
| | ) | |
| LORENZO RAINER | ) | |

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on August 6, 2007.  The court finds that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant is a risk of flight and a danger to the community.  Defendant is a career criminal with a lengthy criminal history stretching back to 1977, including multiple felony convictions.  He has spent the majority of his adult life in prison, and he has no significant work history.  Defendant violated parole in 2005 and was revoked; the instant offense occurred after he was again released on parole.  His prior charges include several involving violence – among them, an assault and battery on a police officer – and he pointed a snub-nosed revolver at an officer during a chase in June of this year.  Two days later, he was the subject of a complaint in which the victim alleged that he "ambushed" her and fired shots at her in her vehicle. Defendant faces the possibility of life imprisonment on the instant charge.  He has prior charges for attempting to elude a police vehicle, 3rd degree escape, and parole violation/fugitive. He fled from officers on June 12, 2007 (traffic stop); July 26 or 27, 2007 (first attempt by deputy Marshal to execute warrant), and July 29, 2007 (second attempt to arrest).  He has attempted to appear in court as though he is physically incapable of walking,

but he led officers on two foot chases at a "full dead sprint" in June and July of this year.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant and protect the community, and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 6th day of August, 2007.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

2