IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:07-CR-151-MEF |
| | ) |
| LORENZO RAINER | ) |
| a/k/a Reno Rainer | ) |

**UNITED STATES' PROPOSED VOIR DIRE QUESTIONS**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the Court propound the following Voir Dire Questions on the jury venire in the above-styled case.

Respectfully submitted this the 31st day of March, 2008.

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Matthew W. Shepherd
    MATTHEW W. SHEPHERD
    Assistant United States Attorney
    131 Clayton Street
    Montgomery, AL 36104
    Phone: (334) 223-7280
    Fax: (334) 223-7135
    matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-CR-151-MEF |
| | ) | |
| LORENZO RAINER | ) | |
| a/k/a Reno Rainer | | |

### CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Donnie W. Bethel.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Matthew W. Shepherd
    MATTHEW W. SHEPHERD
    Assistant United States Attorney
    131 Clayton Street
    Montgomery, Alabama 36104
    (334) 223-7280
    (334) 223-7135 Fax
    matthew.shepherd@usdoj.gov

1. Based on the information you have heard in Court today concerning this case, have any of you heard or read anything about this case on television, radio or in the newspaper?

If so, based on what you have heard or read, have you formed any opinion as to the guilt or innocence of the defendant?

If so, based on what you have heard or read, have you formed an opinion as to what, if anything, really happened?

Do you feel that, based on what you have heard or read, you cannot determine the guilt or innocence of the defendant solely on the evidence introduced at trial?

2. Have any of you discussed any aspect of this case with anyone who claimed to have some special knowledge of what actually occurred?

If so, with whom and under what circumstances? What knowledge did this person claim to have? Have you formed some opinion based on what this person told you?

3. Does any member of the panel know Lorenzo Rainer, or any member of his family, or any friends of his, on either a personal, business, or professional basis?

If so, who, and in what capacity?

If so, are you able to put aside feelings resulting from such knowledge, regardless of whether they are favorable or unfavorable to Lorenzo Rainer, or to any member of his family or friend of his, and decide this case solely upon the evidence?

4.  Has any member of the panel had any dealings with the Montgomery Police Department, other than the issuance of a traffic ticket?

5.  Do you or any or your friends or relatives know any of the attorneys in these cases?  If so, who and how?

6.  Do you or any of your friends or relatives know any of the witnesses in these cases (have attorneys read a list of their witnesses)?

7.  Do you know any other members of the jury panel?  If so, who and how?

8.  Has any member of the panel, or have any of your friends or relatives, ever had any dealings with the Bureau of Alcohol Tobacco and Firearms?

If so, please explain.

9.  Does any member of the panel have a strong opinion about the Bureau of Alcohol, Tobacco and Firearms?

10.  Does any member of the jury believe that the federal government has no right to enforce gun laws?

11.  Does any member of the panel believe that a convicted felon should be allowed to lawfully possess a firearm?

12.  Do each and every one of you understand that during the course of the trial an attorney is not permitted to speak to the jurors and, therefore, if you see an attorney in the hall or on the street, you should not hold it against the attorney if he or she

does not acknowledge you or speak to you?

13.  Has any member of the panel, or a relative or close friend, ever been employed by a law firm or other organization which participates in the defense of criminal cases?

If so, please state their names, the type of law they practice and the location of their practice.

If a relative was or is so employed, do you often discuss their jobs with them?

14.  Other than a traffic ticket, has any member of the panel ever had an unpleasant experience involving law enforcement?

If so, please explain.

15.  Has any member of the panel, or a relative or close friend, ever been a witness to a crime?

If so, what type of crime and when did it occur?  Was the case prosecuted?

Did you or your relative or close friend testify?  With regard to your participation in the case, was there anything in your dealings with the police, the court, the prosecutor, or the defense lawyer that left you unhappy or unsatisfied?  Please elaborate.

What was the result?

Were you satisfied with the result?

16.  To admit to having some sympathy for the defendant or the government in this case is nothing to be ashamed of and does not reflect badly upon you as a person.  However, both the government

and the defendant are entitled to have this case heard by a fair and impartial jury that will decide the case solely according to the evidence admitted in this Court and according to the Court's instructions on the law. The law provides that the jury may not be governed by sympathy, prejudice, or public opinion. With this in mind, do any of you have any reason why you would be unable to give either the government or the defendant a fair trial based solely upon the evidence admitted at the trial and the instructions given by the Court?

    17. Do all of you realize that as a juror, in your deliberations as to guilt, you must not consider any possible punishment?

    18. The defendant may introduce evidence concerning his good character. Do any of you believe that a person with a good reputation could not commit a crime?

    19. Have you or any of your friends or relatives ever had any unfavorable association or dealings with the United States Government? If so, who or what?

    20. Do any of you have any convictions, whether they may be moral, religious, philosophical or otherwise that would prevent you from being a fair and impartial juror in this case or that would prevent you from sitting in judgment of another person?