IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:07-cr-151-MEF |
| ) | |
| LORENZO RAINER ) | |

THIRD MOTION TO CONTINUE TRIAL

NOW COMES the Defendant, LORENZO RAINER, by Undersigned Counsel, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), and respectfully moves the Court for an Order continuing this matter from the April 7, 2008, trial term. In support of this motion, the Defendant would show that:

1. This case is presently set for trial on April 7, 2008.

2. This case was originally set for trial on October 2, 2007. This Court continued the case from that trial date to January 14, 2008, to allow time for mental health professionals at the Bureau of Prisons to evaluate whether Mr. Rainer was competent to stand trial. At a competency hearing conducted in December 2007, this Court ruled that Mr. Rainer is competent to stand trial. At that competency hearing the Court also considered Mr. Rainer's request to have Undersigned Counsel dismissed from representing him and to have other counsel appointed. The Court denied Mr. Rainer's request.

3. On January 2, 2008, Kevin Butler, also of the Federal Defenders Office, entered his notice of appearance. On January 3, 2008, Mr. Butler, on behalf of Mr. Rainer, again moved to continue Mr. Rainer's trial because the gathering of investigatory records,

both psychiatric and criminal, was still ongoing, but not yet complete. The Court continued Mr. Rainer's trial to April 7, 2008.

4. Mr. Rainer's relationship with Undersigned Counsel has steadily deteriorated over time, and has progressed from strained, to uncooperative to viscerally hostile. On March 27, 2008, the Court forwarded to Undersigned Counsel a letter the Court received from Mr. Rainer. In that letter Mr. Rainer asked the Court to reconsider its earlier ruling denying Mr. Rainer's request for new counsel; Mr. Rainer made it clear that he did not trust Undersigned Counsel, and he openly accused Undersigned Counsel of lying and other deceitful behavior. On April 1, 2008, Undersigned Counsel and his investigator met with Mr. Rainer. They attempted to resolve any issues that Mr. Rainer has with Undersigned Counsel, and to work with Mr. Rainer to prepare him for trial. Mr. Rainer refused to cooperate with Undersigned Counsel in any way or even to answer simple questions that would prepare Mr. Rainer for the trial of his case. The meeting ended with Mr. Rainer launching into an obscenity-laced tirade filled with racial epithets, all in full view of correctional officials at the Montgomery City Jail, and his declaration that he flatly refused to meet any further with Undersigned Counsel or to discuss his case in any way. In sum, the attorney-client relationship between Undersigned Counsel and Mr. Rainer has completely broken down. Undersigned Counsel greatly fears that should he appear at trial as Mr. Rainer's attorney, that Mr. Rainer will behave in such a way in open court before the jury that his case will be substantially compromised.

5. In contrast to Mr. Rainer's relationship with Undersigned Counsel, Mr. Butler

seemed to develop a rapport with Mr. Rainer and to gain his trust. Mr. Rainer would much prefer that Mr. Butler appear with him in court at the trial of his case. However, beginning on January 18, 2008, Mr. Butler has been out of the Federal Defenders Office, pursuant to the Family and Medical Leave Act. He will return to the Federal Defenders Office about the end of April or the beginning of May. Therefore, Mr. Rainer proposes that his case be continued until after Mr. Butler returns to the Federal Defenders Office from his family leave, so that Mr. Butler can represent Mr. Rainer at the trial of this case, and so that Undersigned Counsel may withdraw from representing Mr. Rainer.

6. Requests for a continuance are addressed to the sound discretion of the trial court. *United States v. Darby*, 744 F.2d 1508, 1521 (11th Cir. 1984). A continuance requested by a defendant or his counsel may be granted if the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Continuances necessary to achieve the "ends of justice" are appropriately granted. *See, e.g., United States v. Goetz*, 826 F.2d 1025, 1028 (11th Cir. 1987). Mr. Rainer contends that his requested continuance is necessary to achieve the ends of justice.

**WHEREFORE**, Mr. Rainer requests that this Motion be granted.

Dated this 2nd day of April, 2008.

        Respectfully submitted,

        s/ Donnie W. Bethel
        DONNIE W. BETHEL
        Assistant Federal Defender
        201 Monroe Street, Suite 407
        Montgomery, Alabama 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        E-mail:don_bethel@fd.org
        IN Bar Code: 14773-49

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No.: 2:07-cr-151-MEF** |
| ) | |
| **LORENZO RAINER** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Matthew W. Shepherd, Assistant U. S. Attorney.

    Respectfully submitted,

    s/ Donnie W. Bethel
    DONNIE W. BETHEL
    Assistant Federal Defender
    201 Monroe Street, Suite 407
    Montgomery, Alabama 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    E-mail: don_bethel@fd.org
    IN Bar Code: 14773-49