## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No.: 2:07-cr-151-MEF** |
| | **)** | |
| **LORENZO RAINER** | **)** | |

## MOTION REGARDING JURY SELECTION
## AND CITATIONS OF AUTHORITY

**NOW COMES** the Defendant, Lorenzo Rainer, pursuant to 28 U.S.C. §1867(a), and moves to stay these proceedings on the grounds that the petit jury in this matter has not been selected in substantial compliance with the Jury Selection and Service Act, 28 U.S.C. §§ 1861 et seq., and that the jury selection process in use will produce a jury which substantially under represents African-Americans and African-American males, in violation of Mr. Rainer's constitutional rights to equal protection, due process, and a speedy and public trial by an impartial jury, as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

In support of this Motion, the defendant relies on facts which will be submitted today in a sworn affidavit and would show the following at a hearing on this matter:

1.      The defendant is an African-American male.

2.      African-Americans and African-American males constitute distinctive, recognizable classes and groups within the community of the Middle District of Alabama and the Northern Division of the Middle District..

3.      Juries selected in the Middle District of Alabama under the present jury selection system have resulted in the substantial under representation of African-Americans and African-

American males, in relation to the numbers of such persons in the community and the representation

of these groups on the jury venires within the Middle District of Alabama is not fair and reasonable

in relation to the numbers of such persons in the community.

4.    The jury selection process in the Middle District of Alabama contains a number of

procedures which are susceptible to and do result in and/or cause the under representation of these

groups within jury venires.

5.    The Jury Selection and Service Act requires that each United States district court

establish a written plan for the random selection of grand and petit jurors that shall be designed to

carry out the objectives of that Act.  28 U.S.C. §1863(a).

6.    The goals of the Jury Selection and Service Act are to ensure (1) that juries are

"selected at random from a fair cross section of the community in the district or division wherein the

court convenes;" (2) that "all citizens shall have the opportunity to be considered for service" on

juries in the district courts of the United States; and (3) that all citizens "shall have an obligation to

serve as jurors when summoned for that purpose."  28 U.S.C. §1861.

7.    A plan for jury selection established under the Jury Selection and Service Act must

specify procedures to ensure (1) that names of persons from each of the political subdivisions within

the judicial district are placed in the master jury wheel; (2) that "each county, parish, or similar

political subdivision within the district or division is substantially proportionally represented in the

master jury wheel for that judicial district, division, or combination of divisions;" and (3) use the

number of registered voters in each political subdivision "(f)or the purposes of determining

proportional representation in the master jury wheel."  28 U.S.C. §1863(b)(3).

8.    The Act further requires that any person excused by the court, or by the clerk under

2

supervision of the court, upon a showing of undue hardship or extreme inconvenience, shall be subject to being summoned again for jury service and, the name of such person shall be reinserted into the qualified jury wheel. 28 U.S.C. §1866(c).

9.      This district has adopted a Plan for Random Selection of Grand and Petit Jurors.

10.     Under that Plan, a master jury wheel is to be prepared and shall consist of a percentage of the registered voters in the district  and names shall be randomly selected for the master wheel from the number of registered voters in each county in the district and division.

11.     Under the Plan, any process used for selection of juror names must provide for pure randomized selection.

12.     Under the Plan, each county within the jury division must be substantially proportionally represented in the master wheel.

13.     Under the Plan, certain persons are defined as qualifying for deferral or excusal from jury duty, upon individual request and persons excused from a panel or court term for reasons of hardship or extreme inconvenience or because they are in excess to the needs of the Court for that panel or term are to be put back in the appropriate qualified jury wheels, to be subject to being redrawn for subsequent jury service.

14.     The jury selection process in the Middle District of Alabama contains a number of procedures which do not comply with the requirements of the Jury Selection and Service Act or the Plan for Random Selection of Grand and Petit Jurors adopted by this Court.

15.     Such procedures constitute substantial failure to comply with the provisions of the Act and of the Plan and frustrate the Act's basic goals of random selection of juror names and equal opportunity for all citizens to serve as jurors, and thus require that relief be granted. *United States*

3

*v. Paradies*, 98 F.3d 1266, 1279 (11th Cir. 1996); 28 U.S.C. §1867(d).

16.     In addition, the process of jury selection in the Middle District of Alabama in the last few years has consistently resulted in creation of jury venires in which African Americans and African American males are substantially under represented, in proportion to their presence in the community of the Middle District of Alabama.

17.     The consistent, substantial under representation of these identifiable groups violates Mr. Conner's rights under the Fifth and Sixth Amendments.  *Peters v. Kiff*, 407 U.S. 493 (1972); *Taylor v. Louisiana*, 419 U.S. 522 (1975); *Duren v. Missouri*, 439 U.S. 357 (1979).

18.     Defendant further requests permission to supplement and/or amend this Motion, as the investigation on this matter reveals additional grounds.

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Defendant
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: Christine_Freeman@fd.org

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that on April 7, 2008,  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew W. Shepherd, Esq., Assistant U. S. Attorney, 131 Clayton Street, Montgomery, Alabama 36104.

         Respectfully submitted,

         <u>**s/Christine A. Freeman**</u>
         **CHRISTINE A. FREEMAN**
         **TN BAR NO.: 11892**
         Attorney for Defendant
         Federal Defenders
         Middle District of Alabama
         201 Monroe Street, Suite 407
         Montgomery, AL 36104
         TEL:   (334) 834-2099
         FAX:   (334) 834-0353
         E-Mail: Christine_Freeman@fd.org