IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:07-CR-151-MEF |
| | ) | |
| LORENZO RAINER, | ) | |
| aka Reno Rainer | ) | |

**GOVERNMENT'S RESPONSE TO MOTION TO INSPECT JURY LIST**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submits this Response to the Defendant's Motion to Inspect Jury List for Both the Grand Jury and the Petit Jury. For the reasons described below, the United States respectfully requests that the Motion be DENIED.

On April 7, 2008, the same day that jury selection was due to begin, the defendant filed a Motion Regarding Jury Selection and Citations of Authority asserting that the jury selection process used to select the jury venire in his case violated the Jury Selection and Service Act and the Fifth and Sixth Amendments to the Constitution. Later that same day, the defendant filed an affidavit from his defense counsel in support of this motion and also filed a Motion to Inspect Jury List for Both the Grand Jury and the Petit Jury pursuant to 28 U.S.C. §1867(f).

Although 28 U.S.C. §1867(f) provides a statutory right to inspect jury lists in support of challenges to the jury selection process based on 28 U.S.C. § 1867(a), in this case, the defendant's motion should be denied because the motion upon which it is based asserting the 28 U.S.C. § 1867(a) challenge was not timely filed. A motion for inspection of jury lists should not be granted when the motion it is intended to support cannot be successful because it has failed the procedural or time requirements of the statute.

28 U.S.C. § 1867(a) provides the following:

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

In this case, the defendant filed his motion on April 7, 2008, the same morning that jury selection was set to begin. The motion was filed prior to voir dire beginning, but it was not filed "within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor." The statute requires the motion to be filed by whichever date is earlier. In this case, the defendant did not file his motion within seven days of the date by which he could have discovered the grounds for his motion by the exercise of diligence.

The defendant was indicted on July 18, 2007, and had his initial appearance at which counsel was appointed on July 30, 2007. The defendant's case was originally set for trial on October 2, 2007, but was continued twice. The first continuance was to allow time for the completion of a mental competency evaluation and continued the case until January 14, 2008. The second continuance, requested by the defense was for the purpose of conducting additional investigation. The case was continued until April 7, 2008. The defendant did not file any motions to inspect the jury list or for discovery into the jury selection list until the morning of jury selection, April 7, 2008. Between the date of appointment of counsel on July 30, 2007, and April 7, 2008, the defendant filed no motions for discovery of jury selection materials.

Although the defendant did not learn of the racial makeup of the jury venire in his case until he received jury questionnaires on April 4, 2008, this date should not be used in determining whether the defendant's motion was timely because a challenge to the jury selection process requires proof of racial disparities in more than just one jury venire. See United States v. Gordon, MDAL, July 16, 2007, Case No. 2:05-cr-290-WKW, 2007 WL 2069839 at * 2 ("As a matter of law,

underrepresentation on a single venire is insufficient to show a violation of the JSSA or the Constitution."); see also United States v. Meredith, 824 F.2d 1418, 1424 n. 3 (4th Cir. 1987). Since a successful claim does not depend on the makeup of any one particular jury venire, therefore, the deadline for filing a motion should not be calculated as being seven days from the date the questionnaires were received. In this case, the defendant did not file his motion for approximately 8 months after he was indicted and filed no motions for discovery of jury selection materials in that period. The defendant could have filed a motion for discovery of materials related to the jury selection list and with diligence discovered the grounds for his motion well before April 7, 2008.

The time requirements for 28 U.S.C. § 1867 challenges are to be construed and enforced strictly. United States v. Paradies, 98 F.3d 1266, 1278 (11th Cir. 1996); United States v. Bearden, 659 F.2d 590, 600 (5th Cir. 1981). In United States v. Dean, 487 F.3d 840, 849 (11th Cir. 2007), the Eleventh Circuit recently did just that and held that a jury selection challenge failed to meet the timeliness requirements of 28 U.S.C. § 1867(a) when the defendant filed his motion challenging the jury selection process before voir dire began on the first day of trial. In that case, the Court found the defendant had not acted diligently to meet the time requirements because he was indicted on March 17, 2005, and did not file his motion until December 5, 2005, and had made no efforts to inspect the grand jury lists and jury qualification questionnaires in that period. The court found that the earlier date by which he was required to have filed his motion was well before the date voir dire began and the motion was untimely. Id.

Similarly, in this case the defendant also failed to make efforts to investigate the jury process for many months after indictment, and therefore the defendant's claim is untimely, which makes his request for discovery of jury lists untimely as well. The defendant's motion should not be granted in a situation where the motion it is intended to support was not itself filed in a timely fashion as required by the statute.

WHEREFORE, the United States respectfully requests that the defendant's motion be DENIED.

Respectfully submitted this the 8th day of May, 2008.

>LEURA G. CANARY
>United States Attorney
>
>/s/ Matthew W. Shepherd
>MATTHEW W. SHEPHERD
>Assistant United States Attorney
>Post Office Box 197
>Montgomery, Alabama 36101-0197
>334.223.7280
>334.223.7135 fax
>matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-CR-151-MEF |
| | ) | |
| LORENZO RAINER, | ) | |
| aka Reno Rainer | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing on May 8, 2008, electronically using the CM/ECF system which will automatically send a copy to Christine Freeman, attorney for the defendant.

Respectfully submitted this the 8th day of May, 2008.

    LEURA G. CANARY
    United States Attorney

    /s/ Matthew W. Shepherd
    MATTHEW W. SHEPHERD
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    334.223.7280
    334.223.7135 fax
    matthew.shepherd@usdoj.gov