IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:07-CR-151-MEF |
| | ) | |
| LORENZO RAINER, | ) | |
| aka Reno Rainer | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REGARDING JURY
SELECTION AND CITATIONS OF AUTHORITY

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this Response to the Defendant's Motion Regarding Jury Selection and Citations of Authority.  For the reasons described below, the United States requests the motion be DENIED without a hearing.

The Defendant argues in his motion that the jury selection process in the Middle District of Alabama that was used to select the petit jury in this case substantially violates the Jury Selection and Service Act and results in a jury which substantially under represents African-Americans in violation of his constitutional rights under the Fifth and Sixth Amendments.  The Defendant has not met his burden of showing any such violations and simply repeats a challenge to the jury selection process in this district that has previously been denied on multiple occasions.  As a result, the Defendant's motion in this case should also be denied.

**I.  The Defendant's Motion fails to meet the time requirements of the Jury Selection and Service Act.**

28 U.S.C. § 1867(a) provides the following:

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the

grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

In this case, the defendant filed his motion on April 7, 2008, the same morning that jury selection was set to begin. The motion was filed prior to voir dire beginning, but it was not filed "within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor." The statute requires the motion to be filed by whichever date is earlier. In this case, the defendant did not file his motion within seven days of the date by which he could have discovered the grounds for his motion by the exercise of diligence.

The defendant was indicted on July 18, 2007, and had his initial appearance at which counsel was appointed on July 30, 2007. The defendant's case was originally set for trial on October 2, 2007, but was continued twice. The first continuance was to allow time for the completion of a mental competency evaluation and continued the case until January 14, 2008. The second continuance, requested by the defense was for the purpose of conducting additional investigation. The case was continued until April 7, 2008. The defendant did not file any motions to inspect the jury list or for discovery into the jury selection list until the morning of jury selection, April 7, 2008. Between the date of appointment of counsel on July 30, 2007, and April 7, 2008, the defendant filed no motions for discovery of jury selection materials.

Although the defendant did not learn of the racial makeup of the jury venire in his case until he received jury questionnaires on April 4, 2008, this date should not be used in determining whether the defendant's motion was timely because a challenge to the jury selection process requires proof of racial disparities in more than just one jury venire. See United States v. Gordon, MDAL, July 16, 2007, Case No. 2:05-cr-290-WKW, 2007 WL 2069839 at * 2 ("As a matter of law,

underrepresentation on a single venire is insufficient to show a violation of the JSSA or the Constitution."); see also United States v. Meredith, 824 F.2d 1418, 1424 n. 3 (4th Cir. 1987). Since a successful claim does not depend on the makeup of any one particular jury venire, therefore, the deadline for filing a motion should not be calculated as being seven days from the date the questionnaires were received. In this case, the defendant did not file his motion for approximately 8 months after he was indicted and filed no motions for discovery of jury selection materials in that period. The defendant could have filed a motion for discovery of materials related to the jury selection list and with diligence discovered the grounds for his motion well before April 7, 2008.

The time requirements for 28 U.S.C. § 1867 challenges are to be construed and enforced strictly. United States v. Paradies, 98 F.3d 1266, 1278 (11th Cir. 1996); United States v. Bearden, 659 F.2d 590, 600 (5th Cir. 1981). In United States v. Dean, 487 F.3d 840, 849 (11th Cir. 2007), the Eleventh Circuit recently did just that and held that a jury selection challenge failed to meet the timeliness requirements of 28 U.S.C. § 1867(a) when the defendant filed his motion challenging the jury selection process before voir dire began on the first day of trial. In that case, the Court found the defendant had not acted diligently to meet the time requirements because he was indicted on March 17, 2005, and did not file his motion until December 5, 2005, and had made no efforts to inspect the grand jury lists and jury qualification questionnaires in that period. The court found that the earlier date by which he was required to have filed his motion was well before the date voir dire began and the motion was untimely. Id. Similarly, in this case the defendant also failed to make efforts to investigate the jury process for many months after indictment, and therefore the

defendant's claim is untimely.[1]

## II.  The defendant has failed to meet his burden of proving a violation of the Jury Service Selection Act or the Constitution.

As the Court has previously noted regarding challenges to the Middle District of Alabama's jury selection process, "The Court does not write on a clean slate.  As indicated above, the composition of criminal juries in this district has been the subject of intense and detailed scrutiny." United States v. Gordon, MDAL, July 16, 2007, Case No. 2:05-cr-290-WKW, 2007 WL 2069839 at *1.  The Court has recently rejected challenges to the jury selection process that included essentially the same issues as those raised by the Defendant in multiple cases.  See e.g., United States v. Webster, 3:06cr266 (M.D.Ala.2007) (Order of June 11, 2007 (Doc. #68); United States v. Carmichael, 467 F.Supp.2d 1282 (M.D.Ala. 2006); United States v. Siegelman, MDAL, June 22, 2007, Case No. 2:05-cr-119-MEF, 2007 WL 1821289.  Earlier, the Court found statutory violations in United States v. Clay, 159 F.Supp.2d 1357 (M.D.Ala.2001), but by the time of the Carmichael and Siegelman decisions those violations had been addressed and did not result in successful challenges in those cases.  Gordon, 2007 WL 2069839 at *1.

Based on the precedents of the Court, it is clear that the claims raised by the Defendant have already been decided and rejected by the Court.  In regards to the alleged violations of the Jury Selection and Service Act, the defendant has not even identified what the alleged violations are which amount to a "substantial failure to comply" with the act.  A violation must be substantial and not just a minor or technical violation.  See Meredith, 824 F.2d at 1424 ("Mere technical deviations

---

[1]Although the defendant's 28 U.S.C. § 2867 claim may be time-barred, his claims based on alleged constitutional violations may not be as they are not held to the same procedural requirements. See United States v. Williams, 264 F.3d 561, 568 n. 3 (5th Cir. 2001).

do not constitute substantial noncompliance with the Act.") However, the Court cannot find that a violation is a "substantial failure to comply" when a specific violation has not even been alleged. Further, 28 U.S.C. §1867(d) requires that a sworn statement be filed with the motion "containing a sworn statement of facts which if true, would constitute a substantial failure to comply with the provisions of this title."  The defendant has filed a sworn statement by his attorney, but again, the sworn statement does not state specifically what the violations of the Jury Selection and Service Act are or what facts exist to show the specific violations.  As a result, the defendant's motion and affidavit fail to meet the requirements of 28 U.S.C. §1867(d) as they fail to actually allege any violations which constitute a substantial failure to comply with the act.

The defendant's claim that the jury selection process results in disproportionate representation of African-Americans in violation of the Sixth Amendment[2] or the Jury Selection and Service Act also fails because he cannot make out the prima facie case he is required to make.  "A party claiming disproportionate representation of a particular group in a jury-selection process must show the following in order to establish a prima facie case under the JSSA or the Sixth Amendment: '(1) that the group alleged to be excluded is a 'distinctive'  group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." Carmichael, 467 F.Supp.2d at 1306 (quoting Duren v. Missouri, 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

The United States concedes that the defendant is an African-American and that African-

---

[2]Although the defendant alleges violations of both the Fifth and the Sixth Amendments, the analysis is the same for both claims.  See Carmichael, 467 F.Supp.2d at 1315.

Americans are a distinct group in the community, meeting the first part of the inquiry. See Carmichael, 467 F.Supp.2d at 1307. However, the defendant fails to meet the second test. A successful claim requires consideration of more than just the racial makeup of one jury venire. See United States v. Williams, 264 F.3d 561, 568 (5th Cir. 2001); Timmel v. Phillips, 799 F.2d 1083, 1086 (5th Cir. 1986). In this case, the defendant has submitted as support for his motion only the affidavit of his attorney in which she states that the racial makeup of the jury venire in this case was less than that of the population. The defendant submits no other statistics for any other jury venires. Defense counsel's statement in her affidavit that over 13 years of practice she has consistently observed jury venires in which the numbers of African-Americans were less than that in the population is far too vague to meet the defendant's burden. No actual statistics or dates are provided for those other jury venires.

Defendant's claim cannot succeed without the evidence of the actual statistics and dates. Since the jury selection process has changed over the years, different jury wheels, lists and procedures may have been used to select some of the venires defense counsel references in her affidavit, which may make many of those venires irrelevant to consideration of the defendant's claim. In fact, the Court even noted in Gordon that procedures had changed as a result of the ruling in United States v. Clay, 159 F.Supp.2d 1357 (M.D.Ala.2001). See Gordon, 2007 WL 2069839 at *2. The population statistics quoted by the defendant were based on the 2000 Census. Presumably, some of the jury venires the defendant observed over the last 13 years would have been chosen prior to the 2000 Census. The exact numbers are also necessary for each jury venire so that the Court may calculate the percentage of disparity between the number of African-Americans in the population and on jury venires. "The Eleventh Circuit has consistently required an absolute disparity

of greater than 10% in order to show unfair representation sufficient to satisfy the second element

of the Duren test." Carmichael, 467 F.Supp.2d at 1307 (citing United States v. Tuttle, 729 F.2d 1325,

1327 (11th Cir. 1984).  Without the actual numbers, it is not possible for the defendant to prove a

disparity greater than 10%.[3]

The defendant also fails to meet his burden of proving the third element of systematic

exclusion in the jury process because he has presented evidence only as to one particular venire and

one venire is not proof of systematic exclusion. See Timmel, 799 F.2d at 1086 ("The fact that

Timmel only cites his particular venire composition is also indicative of a failure to satisfy the third

element: proving systematic exclusion. ... One incidence of a jury venire being disproportionate is

not evidence of a 'systematic' exclusion.")

The defendant has not met his burden of alleging specific violations of the Jury Service and

Selection Act or of proving a prima facie case of underrepresentation. Therefore, his motion should

be denied.

**III. Conclusion**

The defendant's motion should be denied because it is untimely, because it fails to state any

specific violations of the Jury Selection and Service Act as required, because it fails to meet the

elements of the prima facie case required by the Supreme Court in Duren, and because the Court has

---

[3]The United States also disputes the methodology in the affidavit of defense counsel.  The affidavit refers to the percentage of African-Americans in the total population of the Northern Division of the Middle District of Alabama.  This is the incorrect standard to apply.  The calculation should be based on the percentage of African-Americans of voting age in the total population of voting age. Carmichael, 467 F.Supp.2d at  The United States asserts that using the 2000 Census to determine the total number of residents of the Northern Division 18 years and older of age results in a total population 18 and older of 401,549, with an African-American population 18 and over of 136,444.  www.census.gov.  Dividing 136,444 by 401,549 results in an applicable percentage of 33.97%.

already decided these issues and upheld the jury selection process used in the Middle District of Alabama.

As the Court stated in <u>Gordon</u>, "There is no need to belabor this discussion. In <u>Carmichael</u> and <u>Siegelman</u>, the Court has considered and rejected challenges based on the JSSA and all applicable sections of the Constitution." <u>Gordon</u>, 2007 WL 2069839 at *2. Therefore, the Defendant's motion should be denied without hearing or any further proceedings.

Respectfully submitted this the 8th day of May, 2008.

LEURA G. CANARY
United States Attorney

/s/ Matthew W. Shepherd
MATTHEW W. SHEPHERD
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax
matthew.shepherd@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.   2:07-CR-151-MEF** |
| | ) | |
| **LORENZO RAINER,** | ) | |
| **aka Reno Rainer** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing on May 8, 2008, electronically using the CM/ECF

system which will automatically send a copy to Christine Freeman, Esq., attorney for the defendant.

Respectfully submitted this the 8th day of May, 2008.

> LEURA G. CANARY
> United States Attorney
>
> /s/ Matthew W. Shepherd
> MATTHEW W. SHEPHERD
> Assistant United States Attorney
> Post Office Box 197
> Montgomery, Alabama 36101-0197
> 334.223.7280
> 334.223.7135 fax
> matthew.shepherd@usdoj.gov